## HALL v. WYATT LUMBER CO., Inc., et al.

### No. 6182.

Court of Appeal of Louisiana. Second Circuit.

Nov. 1, 1940.

Wood & Wood, of Leesville, for appellant.

J. S. Pickett, of Many, for appellee.

TALIAFERRO, Judge.

Plaintiff sues to recover workmen's compensation for the period of alleged total disability, July 28, 1938 to November 28th following, and for expenses incurred to alleviate the effects of a superficial or first-degree burn on his back, experienced on the first date, while performing the duties

468

of his employment with one of the defendants. Defendants denied specifically all the essential allegations of the petition except that of employment. Plaintiff's demand was rejected and his suit dismissed. He brings appeal.

Plaintiff, while firing a boiler at night, backed into a steam pipe and received though his clothing the burn above mentioned. He made no report of the injury to any official of his employer, but, after the lapse of two or three days, consulted the company physician, who administered appropriate treatment. This physician testified that within three or four days the wound had completely healed. He did not consider the injury sufficiently serious to make report thereof to either company. However, very soon thereafter a malignant carbuncle near the situs of the burn developed. It was treated by said physician for some time and was finally lanced. Not being satisfied with the progress of treatment, this doctor advised plaintiff to go to the Charity Hospital in Shreveport for further medical attention. He did so and remained there some two weeks. After returning home the carbuncle again became a source of pain and discomfort and he returned to the hospital for further treatment. He resumed work on November 27th, and continued to do so until December 15th, when discharged. From the time of the burn to about February 1st, plaintiff mentioned to no one the asserted claim or right to compensation for the period sued for. He daily performed his duties from the time of the burn until the carbuncle was lanced.

Plaintiff denies that he was afflicted with a carbuncle. He contends that infection set up in the burn wound and that this necessitated the abandonment of work to make the trips to and remain in the hospital.

The testimony in the case leaves no doubt that plaintiff was afflicted with a carbuncle, and that this, and not the injury from the burn, forced him to quit work. There is no testimony whatever which, in the least, tends to establish causal connection between the burn injury and the carbuncle. The only physician who testified was of the opinion that the wound did not produce the carbuncle. It evidently was of independent origin. In the absence of proof of causal connection, we are not authorized to infer that such existed; and, this being true, it cannot be said that plaintiff's disability to work resulted from the performance of services arising out of and incidental to his employment.

The judgment appealed from appears to be eminently correct. It is affirmed with costs.